IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michelle Hoggard, | ) | Case No.: 3:25-4290-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| Walmart, Inc. d/b/a Walmart Store # 1183 a/k/a Walmart, | ) | (Jury Trial Requested) |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

The Plaintiff, Michelle Hoggard, by and through her undersigned counsel, complaining of the Defendant Walmart, Inc. d/b/a/ Walmart Store # 1183 a/k/a Walmart (hereinafter referred to as Walmart and/or Defendant), would respectfully show unto this Honorable Court:

**PARTIES & BACKGROUND**

**Plaintiff**

1. That Plaintiff, Michelle Hoggard (hereinafter "Plaintiff"), is and was a citizen and resident of the County of Lexington, State of South Carolina, at all times relevant herein.

**Walmart, Inc. d/b/a Walmart Store # 1183 a/k/a Walmart**

2. Upon information and belief, Defendant Walmart, Inc. d/b/a Walmart Store # 1183 a/k/a Walmart is a publicly traded Delaware Corporation with its principal place of business in the State of Arkansas. Notwithstanding the same, Defendant Walmart, Inc., does conduct business in and maintains agents, servants, and employees in the County of

Lexington, State of South Carolina, at Walmart Store # 1183, located at 2401 August Road in West Columbia, South Carolina 29169.

3. That at all times herein mentioned and in regard to all matters herein mentioned the Defendant acted by and through its agents, servants, and employees, who were at all times acting within the course and scope of their agency and employment, and for whose acts and omissions the Defendant is liable.

## JURISDICTION AND VENUE

4. This court has original jurisdiction pursuant to 28 U.S.C. § 1332 because: (i) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (ii) is between citizens of different states.

5. Venue in this action properly lies in this district pursuant to 28 U.S.C. §1391 because the Defendant is considered to reside in this judicial district and the separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

6. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

7. That at all times herein mentioned and in regard to all matters herein mentioned the Defendant acted by and through its agents, servants, and employees, who were at all times acting within the course and scope of their agency and employment, and for whose acts and omissions the Defendant is liable.

8. That on or about June 10, 2022, the Plaintiff was an invitee at Walmart located at 2401 August Road in West Columbia, South Carolina, and was walking down an aisle when

2

she slipped on a wet substance on the floor, causing Plaintiff to suffer severe pain and bodily injury. That Plaintiff did not see any wet substance on the floor and had no reason to expect that it was precariously left on the floor in a manner that could cause injury to unsuspecting invitees.

9. That Plaintiff was an invitee at the time she was injured. Accordingly, she entered Walmart with the implied assurance of preparation and reasonable care for her protection and safety while she was there. However, upon information and belief, there were no signs warning Plaintiff that the aisle she was walking on that day contained a hazard. Plaintiff notified an employee of Defendant that she slipped on the wet substance during the aftermath of her injury.

10. That the aforementioned incident was a direct and proximate result of the negligence and the recklessness of the Defendant, as follows:

    a. In failing to properly maintain a safe environment for its customers;

    b. In failing to regularly inspect the aisles in the stores;

    c. In creating the dangerous condition which caused Plaintiff to slip;

    d. In failing to warn customers and visitors of a dangerous condition which the Defendant was aware of;

    e. In failing to correct the defective conditions of the aisles and the store within a reasonable time after Defendant knew, or should have known, of the dangerous condition existing, to ensure that the aisles and the store were safe for customers.

    f. In failing to give proper and adequate signals and warnings of the condition of the aisles and store, when the Defendant knew, or should have known, that the same was necessary;

    g. In maintaining their store in an unreasonably dangerous condition which was not obvious to customers, guests, or visitors;

    h.    In allowing a dangerous condition to exist which the Defendants knew or should have known was hazardous to customers, guests, and visitors;

    i.    in failing to use the degree of care and caution a reasonable and prudent person would have used under the same or similar circumstances;

    h.    And in such other particulars as the evidence at trial may show.

11.    That as a direct and proximate result of the negligence and recklessness of the Defendant, the Plaintiff was injured as follows:

    a.    Suffered severe, traumatic, and permanent injuries;

    b.    incurred substantial medical expenses and will continue to incur such expenses in the future;

    c.    Incurred wage loss and will continue to incur such in the future;

    d.    suffered severe pain and mental anguish and will continue to suffer in the future;

    e.    Suffered an impairment in her ability to enjoy life.

12.    That as a result of the negligence and recklessness of the Defendant, which injured the Plaintiff is informed and believes she is entitled to judgment against the Defendant for actual, incidental, consequential, and punitive damages.

## **RELIEF REQUESTED**

13.    That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

14.    **WHEREFORE,** Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America and prays for judgment against the Defendants both jointly and in combination as follows:

    a.    Actual damages on all causes of action;

4

b. Incidental damages on all causes of action;

c. Consequential damages on all causes of action;

d. Punitive damages on all causes of action;

e. For the costs and expenses of this action, and

f. For such other and further relief as the court may deem just and proper.

Respectfully submitted,

s/Tyler D. Bailey
Federal ID #12294
BAILEY LAW FIRM, L.L.C.
1430 Richland Street (29201)
P.O. Box 532
Columbia, South Carolina 29202
Telephone: (803) 667-9716
Facsimile: 1-803-526-7642
Email: tyler@baileylawfirmsc.com